IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THERESE PALERMINO | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-522 |
| | * | |
| NATIONSTAR MORTGAGE, LLC, ET AL. | * | |

******

## MEMORANDUM

Plaintiff has instituted this action against Nationstar Mortgage, LLC and Ocwen Loan Servicing, LLC. Defendants have filed a motion to dismiss. The motion will be granted but plaintiff will be granted leave to amend her complaint as to her claims under the Maryland Consumer Protection Act and for breach of contract, if she can do so in accordance with the requirements of Fed. R. Civ. P. 11.

Plaintiff's claims under the Maryland Consumer Protection Act are presently flawed because they do not properly allege any facts from which it can be inferred that plaintiff relied upon any unfair and deceptive trading practice engaged in by either of the defendants. Perhaps her reliance might consist of continuing to make mortgage payments. However, if that is plaintiff's allegation, her claim would fail for lack of her suffering any damage unless she can allege, in accordance with the requirements of Rule 11, that the amount of her mortgage payments exceeded the benefit she derived from continuing to reside at her house.

Plaintiff has not alleged any special circumstances, as were present in *Jacques v. First National Bank*, 307 Md. 527 (1986), that would render a claim for negligence actionable.

Plaintiff's allegations of a breach of contract presently are wholly conclusory. She must specify precisely what her breach of contract claims are. Insofar as Nationstar is concerned,

plaintiff must be able to allege, in accordance with Rule 11, that Nationstar is bound by any contractual obligation that Ocwen was under.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: 5/11/14

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 MAY 12 P 12:20
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY